UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AMERICAN EEL DEPOT CORP.,<br><br>        Plaintiff,<br>v.<br>UNITED STATES,<br>        Defendant. | Court No. 21-00279 |

## COMPLAINT

Plaintiff, American Eel Depot Corp., through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise and has standing to bring this action.

3. The protest and summons in this action were timely filed.

4. All liquidated duties, charges, and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of frozen roasted eel.

6. The subject merchandise was classified upon entry under subheading 1604.17.10, Harmonized Tariff Schedule of the United States ("HTSUS"), which covers "Prepared or preserved fish; caviar and caviar substitutes prepared from fish eggs; Fish, whole or in pieces, but not minced: Eels: In airtight containers."

7. Upon entry, the country of origin of the subject merchandise was declared to be China.

8. U.S. Customs and Border Protection (CBP) classified the subject merchandise upon liquidation under subheading 1604.17.10, HTSUS, and assessed duties on the subject merchandise under subheading 9903.88.03, HTSUS, as a product of China.

9. The subject frozen roasted eel was produced from *Anguilla rostrata* (common name: American Eel) that was caught in the United States.

10. A DNA report has been obtained to confirm that the subject eel was *Anguilla rostrata.*

11. *Anguilla rostrata* are known to reproduce in the Sargasso Sea. Thereafter, the eel larvae drift with ocean currents and migrate into streams, rivers, and lakes mainly along the East Coast of the United States (*Anguilla rostrata*). The larvae morph into "baby glass eels."

12. *Anguilla rostrata* are only found and harvested in U.S. waters and are not known to migrate to any other geographical region.

13. In China, the live baby *Anguilla rostrata* glass eels were grown-out in ponds to an adult size. Thereafter, the eels were de-headed, deboned, gutted, fins removed, trimmed, washed, roasted, steam cooked, roasted with and without sauce, and frozen.

14. The skin was retained on the subject imported product.

15. The subject eels were not filleted prior to importation.

16. After processing in China, the subject eels retained the look of the whole eel, but without heads, tails, or viscera.

17. In their condition upon importation, the subject eels bore the shape of whole eels that had been split open.

18. The processing of the eels in China did not constitute a substantial transformation.

19. The subject merchandise is a product of the United States for country of origin purposes.

20. As products of the United States, the subject merchandise was not subject to tariffs applicable under subheading 9903.88.03, HTSUS, which apply only to products of China.

**WHEREFORE**, plaintiff respectfully requests that the origin determination upon liquidation be overruled; that the claimed classification and country of origin be sustained; and that the appropriate CBP official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest; and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ
    SILVERMAN & KLESTADT LLP
    Attorneys for Plaintiff

By: /s/ Joseph M. Spraragen
    Joseph M. Spraragen
    599 Lexington Ave, FL 36
    New York, NY 10022
    (212) 557-4000
    JSpraragen@GDLSK.com

Dated: June 27, 2025
    New York, New York

13370795_1